UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HILLSBORO DENTAL, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10-CV-271 (CEJ) |
| HARTFORD CASUALTY INSURANCE, COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Goetze Niemer Co., (Goetze) to dismiss plaintiff's first amended complaint for failure to state a claim for relief and for lack of subject-matter jurisdiction.[1] Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

I. **Background**

In June 2006, plaintiff Hillsboro Dental Group, LLC, purchased an office computer system from defendant Goetze. The system was intended to allow plaintiff to establish a "paperless office" with all treatment records, appointment calendars, billing records, and insurance billing maintained in electronic format. The system included software produced by defendant Professional Economics Bureau of America d/b/a XL Dent. Plaintiff alleges that the computer system failed in April 2008, and caused a complete destruction of patient files and billing records. Plaintiff alleges that defendant Goetze's employees attempted, without success, to repair the system. Plaintiff further alleges

---

[1] Defendant MDIS has also filed a motion to dismiss, asserting the same arguments as defendant Goetze. Defendant Hartford has filed a motion to strike portions of the complaint. Resolution of Goetze's jurisdictional argument disposes of the entire case and the other pending motions will not be addressed.

that the employees removed the system's hard drives and Goetze has refused to return them. Plaintiff also alleges that its insurer -- defendant Hartford Casualty Insurance Company -- refused to reimburse plaintiff for the full extent of its losses, and that defendant Missouri Dental Insurance Services, Inc. (MDIS) negligently performed its duties as an insurance broker with respect to the Hartford insurance policy. Plaintiff asserts claims of breach of contract, breach of warranty, fraud and misrepresentation, negligence, vexatious refusal to pay, and violation of the Computer Fraud & Abuse Act (CFAA), 18 U.S.C. § 1030. Plaintiff also seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Additional allegations will be recited as necessary to address the issues.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in

Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III. Discussion

Plaintiff asserts there are three bases for this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331: the CFAA, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C.A. §§ 1320d-1 *et seq.*, and the Declaratory Judgment Act. Defendant argues that the Court lacks jurisdiction because plaintiff has failed to state a cause of action under the CFAA, there is no private cause of action under HIPAA, and the Declaratory Judgment Act does not provide an independent basis for jurisdiction. Because the parties are not nondiverse, no jurisdiction exists pursuant to 28 U.S.C. § 1332.

The CFAA was designed to target hackers who access computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possess the capacity to "access and control high technology processes vital to our everyday lives. . . " LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1130-31 (9th Cir. 2009) (quoting H.R. Rep. 98-894, 1984 U.S.C.C.A.N. 3689, 3694 (July 24, 1984)).

The CFAA defines seven categories of conduct that can give rise to civil or criminal liability. The categories arguably applicable to this action include the following:[2]

---

[2]Plaintiff's pleadings and memorandum in opposition to the dismissal motion are practically useless in making this determination. In its first amended complaint, plaintiff alleges that defendant Goetze violated § 1030(a)(4); § 1030 (5)(A)(i); § 1030(5)(A)(ii) & § 1030(5)(A)(iii). While § 1030(a)(4) exists, and is quoted above, § 1030(5) does not exist, nor is there a subsection (5) with three sub-subsections under (a) through (j). In its opposition to defendant's motion, plaintiff has declined to identify specific provisions of CFAA that it believes provide a cause of action.

(a) Whoever—

　* * *

(4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;

(5)(B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

(C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

　* * *

shall be punished as provided in subsection (c) of this section.

18 U.S.C. § 1030(a).

Civil liability requires an additional showing:

Any person who suffers damage or loss <u>by reason of a violation of this section</u> may bring a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. . . No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. § 1030(g) (emphasis added).

Thus, in order to establish civil liability, plaintiff must show that defendants additionally caused one of the following:

(I) loss to 1 or more persons during any 1-year period . . .aggregating at least $5,000 in value;

(II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of

>    1 or more individuals;
>
>    (III) physical injury to any person;
>
>    (IV) a threat to public health or safety; [or]
>
>    (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.

18 U.S.C. § 1030(c)(4)(A)(i)(I)-(V). In this case, plaintiff relies on Subsections I and II to establish its claims.

Section 1030(g) requires plaintiff to establish that the damage or loss it sustained was <u>caused by</u> the alleged violation of the CFAA. See <u>Global Policy Partners, LLC v. Yessin</u>, 686 F. Supp.2d 642, 647 (E.D. Va. 2010) (CFAA plaintiff must show that qualifying costs are "reasonable" and were "caused" by a CFAA violation). Here, plaintiff alleges defendant committed the following acts: In 2006, Goetze installed a computer system. Goetze made representations that the system was monitored 24 hours a day; that the system was automatically and regularly backed up; and that all lost data could be instantaneously recovered. The system failed in April 2008 as a result of either a catastrophic event (power surge or blackout) or defective installation. The system was completely inoperable and plaintiff suffered a total shutdown of the office. All HIPAA protected patient files were destroyed and Goetze was unable to restore the lost data. Goetze failed to return plaintiff's hard drives.

These allegations are insufficient to state a claim for relief under the CFAA. The CFAA-qualifying losses or damages that plaintiff identifies are the costs of restoring the system and the loss of its HIPAA-protected patient files. Plaintiff does not allege that defendant improperly accessed the system for the purpose of making it crash, thus the only possible basis for a CFAA claim is defendant's conduct following the crash. These

allegations cannot support a claim for relief: plaintiff does not allege that Goetze's inability to repair the system and restore missing files was the result of access undertaken without authorization or in excess of authorized access. § 1030(a). Even the removal of the hard drives was authorized in conjunction with the attempted repairs. The only allegation plaintiff makes of an action defendant committed in excess of authorization is the retention of the nonfunctional hard drives. But, plaintiff does not allege that its damage or loss was caused by that retention; at best, plaintiff hints that defendant retained the hard drives to conceal evidence that the computer system was defective. This is not the kind of harm that CFAA is intended to remedy. Plaintiff has failed to state a claim for relief under CFAA.

Plaintiff asserts that federal question jurisdiction alternatively arises under HIPAA and the Declaratory Judgment Act. Plaintiff is incorrect: HIPAA does not create a private cause of action, Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010), and, in the absence of a substantive federal claim, plaintiff's claim under the Declaratory Judgment Act must be dismissed for lack of subject-matter jurisdiction. Morse v. Vinson, 2010 WL 385945, at *2 (E.D. Ark. Jan. 27, 2010). Thus, plaintiff has failed to establish a basis for federal-question jurisdiction under 28 U.S.C. § 1331; there is not complete diversity of citizenship and thus no jurisdiction under 28 U.S.C. § 1332. Finally, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Goetze-Niemer Company to dismiss for failure to state a claim for relief pursuant to Rule 12(b)(6) [Doc. #66] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's claim pursuant to the Computer Fraud & Abuse Act, 18 U.S.C. §§ 1030 *et seq.*, is dismissed, with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims are dismissed, without prejudice, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

An Order of Dismissal in accordance with this Memorandum and Order will be separately entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2010.